## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____
                                              )
**KAJIMA CONSTRUCTION SERVICES, INC.**        )
395 West Passaic Street                       )
Rochelle Park, New Jersey 07662,              )
                                              )
       Plaintiff,                   )
                                              )
v.                                            )  Civil Action No. _____
                                              )
**TRAVELERS INDEMNITY COMPANY OF**            )
**CONNECTICUT**                               )
c/o Travelers Property Casualty Corp.         )
One Tower Square                              )
Hartford, Connecticut 06183,                  )
                                              )
Serve on:                                     )
    Insurance Commissioner                 )
    Maryland Insurance Administration      )
    200 St. Paul Place, Suite 2700         )
    Baltimore, Maryland  21202,            )
                                              )
       Defendant.                   )
_____)

## **COMPLAINT**

      Plaintiff, Kajima Construction Services, Inc., brings this Complaint against Defendant, Travelers Indemnity Company of Connecticut, and for grounds states:

### **Jurisdiction and Venue**

      1.    Plaintiff, Kajima Construction Services, Inc. ("Kajima"), is a Delaware corporation with its principal place of business in the State of New Jersey.

      2.    Defendant, Travelers Indemnity Company of Connecticut ("Travelers"), is a Connecticut corporation with its principal place of business in the State of Connecticut.

3. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Jurisdiction is based on 28 U.S.C. §1332(a) as this suit is between citizens of different states.

5. Venue is proper in that Travelers does business in Maryland and the occurrences giving rise to the insurance claim which is the subject of this lawsuit took place in Maryland.

## General Allegations

6. This dispute arises out of the construction of the Hilton Suites Ocean City Oceanfront hotel in Ocean City, Maryland (the "Project"), for which Kajima served as the prime contractor.

7. Pursuant to a subcontract between Kajima and Capital Interiors, Inc. ("Capital"), Capital agreed to furnish, assemble, and install over 200 sliding glass doors on the Project.

8. Pursuant to the subcontract, Capital procured and maintained a Commercial General Liability insurance policy issued by Travelers for the period of November 4, 2006 – November 4, 2008 (the "Policy").

9. As required by the subcontract, Capital obtained an endorsement to the Policy naming Kajima as an additional insured.

10. After Capital's installation of the sliding glass doors, the Project's owner, Harrison Stardust Inn, Inc. (the "Owner"), notified Kajima of water leaks through the sliding glass doors. The water leaks damaged property within the hotel and caused the loss of use of hotel guest rooms. The damage occurred while the Travelers Policy was in effect.

11. The water leaks and damage were caused by Capital's defective assembly and/or installation of the sliding glass doors.

12. Kajima and the Owner subsequently arbitrated various claims against each other, including the Owner's counterclaim for $792,000 for the defective sliding glass doors.

13. The arbitration panel awarded the Owner $409,000 on its counterclaim for the defective sliding glass doors. The entire $409,000 amount was deducted as an offset from the moneys awarded to Kajima by the arbitration panel.

14. Kajima requested Travelers to indemnify Kajima under the Policy for the $409,000 amount, but Travelers has declined coverage under the Policy.

## Count 1
## Declaratory Judgment

15. Kajima incorporates paragraphs 1 – 14 as if set forth in full herein.

16. The property damage to the hotel was caused by an "occurrence" during the Policy period, leading to damages Kajima was legally obligated to pay.

17. Kajima contends that, under the terms of the Policy, Travelers is obligated to pay Kajima for the $409,000 Kajima was legally obligated to pay to the Owner.

18. Travelers contends that no coverage applies because Kajima failed to provide timely notice to Travelers under the Policy.

19. By reason of the foregoing, an actual controversy exists between the parties which requires a declaratory judgment of this Court as to the parties' respective rights and obligations under the Policy.

WHEREFORE, Kajima requests the entry of a judgment declaring that (1) coverage applies to Kajima's claim under the Policy, (2) Travelers is obligated to pay Kajima $409,000 under the Policy, (3) Travelers is obligated to pay Kajima the costs of its defense against claims covered by the Policy, and (4) such other relief as is just and reasonable.

## Count 2
## Breach of Contract

20.    Kajima incorporates paragraphs 1 – 14 as if set forth in full herein.

21.    Under the terms of the Policy, Travelers is obligated to pay Kajima $409,000 for the damages Kajima was legally obligated to pay as a result of the problems with the sliding glass doors.

22.    Travelers breached the Policy contract by failing to pay Kajima the $409,000 and the costs of defense against claims covered by the Policy.

WHEREFORE, Kajima requests the entry of judgment in its favor against Travelers in such amount as the Court deems appropriate plus pre-judgment interest, costs, and such further relief as the Court deems appropriate.

    Respectfully submitted,

    /s/ Nick R. Hoogstraten
Nick R. Hoogstraten
MD Federal Bar No. 05578
Peckar & Abramson, P.C.
Two Lafayette Centre, Suite 500
1133 21st Street, N.W.
Washington, D.C.  20036
(202) 293-8815
(202) 293-7994 (fax)