IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                    *
KAJIMA CONSTRUCTION SERVICES,
INC.,                               *

     Plaintiff,                     *

          v.                        *    CIVIL NO.: WDQ-10-1233

TRAVELERS INDEMNITY COMPANY         *
OF CONNECTICUT,
                                    *
     Defendant.
                                    *

*    *    *    *    *    *    *    *    *    *    *    *    *

                         MEMORANDUM OPINION

     Kajima Construction Services, Inc. ("Kajima") sued Travelers Indemnity Company of Connecticut ("Travelers") for breach of contract and a declaratory judgment. For the following reasons, Travelers's motion to dismiss will be denied.

I.   Background[1]

     On December 13, 1991, Kajima, a Delaware corporation, filed with the Maryland State Department of Assessments and Taxation ("MDAT") its foreign corporation qualification to conduct intrastate business in Maryland. ECF No. 12, Ex. 1 [hereinafter Kajima Qualification]. Sometime before or in 2006, Kajima was hired as the prime contractor to construct the Hilton Suites

---

[1] For Travelers's motion to dismiss, the well-pled allegations in the complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Ocean City Oceanfront Hotel in Ocean City, Maryland (the "Hotel"). *See* Compl. ¶ 6. The Hotel is owned by Harrison Stardust Inn, Inc. (the "Owner"). *Id.* ¶ 10.

Sometime before or in 2006, Kajima and Capital Interiors, Inc. ("Capital") entered into a sub-contract, under which Capital agreed to furnish, assemble, and install over 200 sliding glass doors in the Hotel. *See id.* ¶ 7. Pursuant to the sub-contract, Capital obtained a commercial liability insurance policy (the "Policy") issued by Travelers, a Connecticut corporation. *See id.* ¶¶ 2, 8. The Policy covers Kajima. *Id.* ¶ 9.

Capital defectively assembled and/or installed the doors, which caused water damage to the Hotel. *Id.* ¶¶ 10-11.

In late 2006, Kajima closed its Hotel office after completing substantial construction of the Hotel. Nigro Aff. ¶ 4, Sept. 7, 2010. Kajima's last work on the Hotel, performed by a sub-contractor, was in June 2007. *Id.* ¶ 5. Since then, it has not paid Maryland taxes, made contracts or advertised in Maryland, or held property, offices, bank accounts, inventory, or telephone listings here. *Id.* ¶ 7.

In late 2007 or 2008, Kajima obtained an interlocutory mechanic's lien against the Hotel in the Circuit Court for Worcester County. *Id.* ¶ 9. Kajima and the Owner then arbitrated in Baltimore various claims against each other, including the Owner's claim for the defective doors. *Id.*; Compl. ¶ 12. The

arbitration panel awarded the Owner $409,000 for its claim for the doors, which was offset against the panel's award to Kajima. *Id.* ¶ 13.

Under the Policy, Travelers must pay Kajima the $409,000 owed to the Owner. *Id.* ¶ 17. Travelers has refused to pay, contending that Kajima had not provided timely notice under the Policy. *Id.* ¶ 18.

On November 16, 2007, Kajima forfeited its qualification to do intrastate business in Maryland. ECF No. 12, Ex. 2 [hereinafter MDAT Status Certificate].[2]

On May 17, 2010, Kajima sued Travelers for breach of contract and a declaratory judgment that Travelers must indemnify Kajima under the Policy. Jurisdiction was based on diversity. Compl. ¶ 4. On August 20, 2010, Travelers moved to dismiss or for summary judgment. ECF No. 12. On September 7, 2010, Kajima opposed that motion. ECF No. 13.

II. Analysis

  A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.

---

[2] A corporation usually forfeits its qualification by "failing to make required Annual Report/Personal Property Return filings for prior years." Maryland State Department of Assessments and Taxation, Business Entity Is Not in Good Standing or Forfeited, http://www.dat.state.md.us/sdatweb/entitystatus.pdf (last visited Feb. 25, 2011).

Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325–26 (4th Cir. 2001).

Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764–65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" the plaintiff is entitled to relief. *Id*. at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)).

4

"[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief." *Id*. (citation and internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

B. Travelers's Motion to Dismiss or for Summary Judgment

Count One seeks a declaratory judgment that Travelers must indemnify Kajima under the Policy. Compl. ¶¶ 17, 19. Count Two alleges that Travelers breached the Policy by failing to pay (1) the $409,000 that Kajima owed the Owner for the defective doors, and (2) Kajima's defense costs. Compl. ¶¶ 20-22.

In moving to dismiss or for summary judgment, Travelers asserts that Maryland corporate law bars Kajima from maintaining this suit. ECF No. 12 at 2-3, 5.

1. A Foreign Corporation that Has Forfeited Its Qualification to Conduct Intrastate Business in Maryland--and Continues to Do So--May Not Maintain Suit

In Maryland, a foreign corporation is any corporation organized under the laws of another state. Md. Code Ann., Corps. & Ass'ns § 1-101(n). Thus, Kajima, a Delaware corporation, is a foreign corporation. *See* Kajima Qualification.

To do intrastate business in Maryland, foreign corporations must "qualify with [MDAT]." Md. Code Ann., Corps. & Ass'ns § 7-203(a).[3] Doing business includes paying taxes, making contracts, and maintaining property, telephone listings, employees, inventory, advertisements, and bank accounts. *S.A.S. Pers. Consultants, Inc. v. Pat-Pan, Inc*., 286 Md. 335, 339, 407 A.2d 1139, 1142 (1979). Doing business does not include "[m]aintaining, defending, or settling an action, suit, claim, dispute, or administrative or arbitration proceeding." Md. Code Ann., Corps. & Ass'ns § 7-103.

A foreign corporation is qualified to do intrastate business in Maryland unless it "forfeit[s]" its qualification. *See id.* § 7-203(c)(2). Maryland presumes that a foreign corporation that has forfeited its qualification to do intrastate business

---

[3] To qualify, the corporation must provide its address, resident agent information, and proof that it is in good standing in the jurisdiction where it is organized. Md. Code Ann., Corps. & Ass'ns § 7-203(b).

6

continues to do such business unless the corporation rebuts that presumption. *Gibraltar Const. & Eng'g, Inc. v. State Nat. Bank of Bethesda*, 265 Md. 530, 535-36, 290 A.2d 789, 792-93 (1972). This is because whether a foreign corporation is still doing intrastate business is "particularly within [that corporation's] knowledge." *Id.* at 535, 290 A.2d at 792.

A foreign corporation that does intrastate business without being qualified "may not maintain a suit in any court of [Maryland]." *See* Md. Code Ann., Corps. & Ass'ns § 7-301.[4] Similarly, a foreign corporation barred from suing in a state's courts because it is unqualifiedly doing business in that state is also barred from suing in that state's federal court on the basis of diversity.[5]

---

[4] *See* Md. Code Ann., Corps. & Ass'ns § 7-203 ("Before doing any intrastate business in [Maryland], a foreign corporation shall qualify with [MDAT]."); *id.* § 7-301 (if a foreign corporation does intrastate business in Maryland "without complying with [Maryland corporate law], neither the corporation nor any person claiming under it may maintain a suit in any court of [Maryland]"); *Gibraltar*, 265 Md. at 535-36, 290 A.2d at 792-93 (District of Columbia corporation that had forfeited its qualification to do intrastate business in Maryland and had not rebutted the presumption that it continued to do such business could not maintain a counterclaim in Maryland court).

[5] *See Woods v. Interstate Realty Co.*, 337 U.S. 535, 538 (1949). In *Woods*, a Tennessee corporation, which was doing business in Mississippi without being qualified, sued in the District of Mississippi on the basis of diversity. *Id.* at 535–36. The district court properly dismissed the complaint because a Mississippi statute prohibited foreign corporations unqualifiedly doing intrastate business from suing in "any courts of [Mississippi]." *Id.* at 535-36, 538. To allow a foreign corporation

2. Kajima May Maintain This Suit

Travelers asserts that Kajima may not maintain this suit because Kajima (1) forfeited its qualification to do intrastate business in Maryland on November 16, 2007, and (2) presumably, continues to do business here. *See* ECF No. 12 at 2–3, 5; MDAT Status Certificate.

Kajima asserts that it has not conducted intrastate business in Maryland since June 2007, and forfeited its qualification "precisely because [it] no longer needed to be qualified." ECF No. 13 at 1–2.

To rebut the presumption that Kajima continued to do intrastate business after forfeiting its qualification, Kajima's president has sworn that Kajima (1) closed its Hotel office in late 2006 after completing most Hotel construction, (2) performed its last work on the Hotel in June 2007, and (3) since June 2007, has not paid Maryland taxes, made contracts or advertised in Maryland, or held property, offices, bank accounts, inventory, or telephone listings here. Nigro Aff. ¶¶ 3–7.[6] Further, Kajima did not conduct intrastate business in late 2007 and 2008 by obtaining an interlocutory mechanic's lien against

---

barred from state court to sue in federal court would discriminate against state citizens "in favor of those authorized to invoke the diversity jurisdiction of the federal courts." *Id.* at 538.

[6] *See S.A.S. Pers. Consultants*, 286 Md. at 339, 407 A.2d at 1142 (including these things as "doing business" in Maryland).

the Hotel and arbitrating the dispute against the Owner. *See* Md. Code Ann., Corps. & Ass'ns § 7-103 (neither maintaining a dispute nor participating in arbitration is "doing business"). Travelers has not contradicted Nigro's affidavit or opposed Kajima's arguments.

Because Kajima has rebutted the presumption that it continued to do intrastate business in Maryland after forfeiting its qualification, it could maintain a suit in a Maryland state court. *See id.* § 7-301. Thus, it may maintain its diversity suit in this Court. *See Woods*, 337 U.S. at 538. Accordingly, Travelers's motion to dismiss must be denied.

III. Conclusion

For the reasons stated above, Travelers's motion to dismiss will be denied.

| | |
|---|---|
| February 28, 2011 <br> Date | _____/s/_____ <br> William D. Quarles, Jr. <br> United States District Judge |